# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re
FLSA Cases

Case No.  6:08-mc-49-Orl-UA-GJK

_____

# ORDER TO SHOW CAUSE

This cause came on for consideration on the Court's own motion.  On April 29, 2008, each of the District Judges for the Middle District of Florida, Orlando Division endorsed an Order ("Order") issued to the Pantas Law Firm, P.A. and Morgan & Morgan, P.A. (collectively the "law firms"). Doc. No. 1. The Order addresses counsel's routine failure to abide by the Court's standing orders. Specifically, counsel repeatedly fails to comply with the customary Related Case Order, the Interested Persons Order for Civil Cases, and the Fair Labor Standards Act ("FLSA") Scheduling Order (collectively, the "Standard Orders"). *Id.*[1] The Order states that for a period of one year, "a search of the relevant dockets reflects a total of 120 show cause orders being issued for these two firms . . ." *Id.*  The Clerk opened a miscellaneous docket and referred this matter to the undersigned. Thereafter, this Court has still had to enter show cause orders against members of the law firms for failure to comply with the Standard Orders.[2]

The Court has been lenient in tolerating the repeated neglect and non-compliance of the law firms and lawyers. The Court has continually admonished the law firms and their respective counsel

---

[1] *See, e.g.*, attached Orders.
[2] *See* Case Nos. 6:07-cv-1978-PCF-KRS, Doc. No. 16; 6:08-cv-483-ACC-GJK, Doc. No. 5; 6:08-cv-156-JA-KRS, Doc. No. 22; 6:08-cv-370-JA-KRS, Doc. No. 11; and 6:07-cv-165-JA-KRS, Doc. No. 41.

to no avail that further non-compliance would not be tolerated.   The following attorneys have appeared in FLSA cases where show cause orders have been entered:  Charles L. Scalise, Carlos V. Leach, Richard B. Celler, Kelly Allyssha Amritt, Janet P. Ochoa, Andrew Ross Frisch, and C. Ryan Morgan of Morgan & Morgan, P.A.; and K.E. Pantas, Jay M. Yenor, III, and Scott C. Adams of the Pantas Law Firm, P.A.  In various orders to show cause the Court stated the following:

> Carlos V. Leach is listed as counsel in approximately 281 cases within the Middle District of Florida. The Orlando Division uses Related Case Orders and Interested Persons Orders in all it's [sic] Track Two or Fair Labor Standard Act cases. Counsel should be familiar with these deadlines. *See Johnson v. Total Marketing Concepts, Inc. and Andrew Dorko, Jr.*, Case No. 6:08-cv-97-Orl-31DAB, Doc. No. 6 (February 13, 2008).

> . . . .

> The Court would note that it issues constant Orders to Show Cause to the Pantas Lawfirm. In Case No. 6:07-cv-1884-Orl-31UAM Plaintiff's counsel has been directed to respond to an Order to <u>Show Cause</u> and include an explanation as to <u>how his office intends to rectify the constant oversight</u>. *See Enman v. Milwaukee Motorcycle Manufacturing Company, Inc. and Scott Yadro*, Case No. 7:07-cv-1614-Orl-31DAB, Doc No. 11. (January 7, 2008) (emphasis added).

> . . . .

> In the future, if counsel [Charles L. Scalise] seeks an extension for a deadline, the appropriate motion should be filed prior to the deadline to avoid the <u>Court's repeated orders</u> to show cause, instead of requiring the Court to track counsel's deadlines for him. *See David Marlow and Ralph Simon v. Cyrus Painting & Services, Inc., Timothy Cyrus and Angela Cyrus*, Case No. 6:07-cv-1340-Orl-31DAB, Doc. No. 20 (December 21, 2007) (emphasis added).

> . . . .

> The Court would note that K.E. Pantas was listed as counsel in approximately 827 cases filed in the Middle District of Florida. The Related Case Order and Interested Persons Orders are issued in every case filed in the Orlando Division <u>yet the Court continues to issue Show Cause Orders for compliance with these standard orders</u>. *See Fingar v. Mercedes Homes, Inc.*, Case No. 6:07-cv-849-Orl-31DAB, Doc. No. 5. (June 18, 2007) (emphasis added).

. . . .

K.E. Pantas law firm is listed as counsel in approximately 827 cases filed within the Middle District of Florida. The Orlando Division began using the Fair Labor Standard Act (FLSA) Scheduling Order in September, 2005.  Interrogatories are required from every plaintiff in every FLSA case filed in Orlando yet <u>the Court continues to issue Show Cause Orders for compliance with these standard orders</u>. Counsel continues to cite administrative oversights or computer errors in it's [sic] responses to the Court's Show Cause Orders. Such excuses will no longer be tolerated. *See Id.*, Doc. No. 15. (July 25, 2007) (emphasis added).

. . . .

<u>Plaintiff's counsel has been advised of his consistent failure to comply</u> with the standard orders issued by this court. Accordingly, <u>his response to the Order to Show Cause, counsel shall include an explanation to the Court as to how his office will rectify this constant oversight</u>. *See Coleman v. Community Management Specialists, Inc. and Kevin Davis*, Case No. 6:07-cv-1884-Orl-31UAM, Doc. No. 4. (January 3, 2008) (emphasis added).

From March 1, 2007, through May 20, 2008, the respective counsel has been subject to following number of show cause orders issued by this Court:

1)   K.E. Pantas – fifty-one (51) show cause orders;

2)   Carlos V. Leach – forty-five (45) show cause orders;

3)   Charles L. Scalise – thirty-two (32) show cause orders;

4)   Jay M. Yenor, III – twelve (12) show cause orders; and

5)   Richard B. Celler – ten (10) show cause orders.[3]

---

[3] *See* Case Nos. 6:06-cv-1470-GAP-JGG, Doc. No. 21; 6:06-cv-1494-PCF-DAB, Doc. No. 30; 6:06-cv-1646-JA-KRS, Doc. No. 14; 6:07-cv-469-GKS-DAB, Doc. No. 4; 6:06-cv-687-GAP-DAB, Doc. No. 110; 6:07-cv-467-GAP-UAM, Doc. No. 10; 6:06-cv-687-GAP-DAB, Doc. No. 120; 6:06-cv-644-GAP-KRS, Doc. No. 6; 6:06-cv-1173-GKS-KRS, Doc. No. 23; 6:07-cv-274-GKS-UAM, Doc. No. 9; 6:07-cv-701-GAP-GJK, Doc. No. 4; 6:06-cv-1814-JA-KRS, Doc. No. 20; 6:07-cv-703-PCF-KRS, Doc. No. 7; 6:07-cv-207-GAP-DAB, Doc. No. 10; 6:06-cv-131-GKS-UAM, Doc. No. 36; 6:07-cv-640-JA-GJK, Doc. No. 8; 6:07-cv-849-GAP-DAB, Doc. No. 5; 6:07-cv-554-JA-KRS, Doc. No. 5; 6:07-cv-456-JA-KRS, Doc. No. 9; 6:07-cv-206-JA-KRS, Doc. No. 10; 6:06-cv-1572-GAP-DAB, Doc. No. 27; 6:06-cv-1713-GAP-KRS, Doc. No. 34; 6:07-cv-701-GAP-GJK, Doc. No. 20; 6:07-cv-548-GAP-DAB, Doc. No. 8; 6:07-cv-889-GKS-KRS, Doc. No. 8; 6:07-cv-889-GKS-KRS, Doc. No. 9; 6:05-cv-1738-JA-DAB, Doc. No. 28; 6:06-cv-78-JA-UAM, Doc. No. 21; 6:06-cv-1194-JA-KRS, Doc. No. 23; 6:07-cv-58-JA-DAB, Doc. No. 18; 6:07-cv-466-GAP-UAM, Doc. No. 13; 6:07-cv-1006-PCF-GJK, Doc. No. 10; 6:07-cv-826-PCF-DAB, Doc. No. 16; 6:07-cv-849-GAP-DAB, Doc. No. 15; 6:06-cv-

Unfortunately, these warnings and admonishments have been ignored and it is apparent no real effort

has been taken to ensure compliance with this Court's Orders.  On January 23, 2008, the Honorable

Gregory A. Presnell issued an Order to Show Cause to Plaintiff Shirley D. Coleman, which directed

her counsel, K.E. Pantas, to include in his response to the Order to Show Cause "an explanation to

the Court as to how his office will rectify this constant oversight." *Coleman*, Case No. 6:07-cv-1884-

GAP-GJK, Doc. No. 4. On January 14, 2008, K.E. Pantas filed a Response to Order to Show Cause

("Response") which stated the following:

> a.  The undersigned will require all attorneys employed by his firm to assign a
> redundant e-mail address to their respective CM/ECF electronic filing account.  The
> redundant e-mail address will direct a copy of all future Orders (including Scheduling
> Orders) directly to the Senior Paralegal for the Firm so he can review each Order on a
> daily basis  and  provide  daily  direction  to  the  paralegal  staff  regarding  proper

78-JA-UAM, Doc. No. 22; 6:06-cv-1645-GKS-KRS, Doc. No. 34; 6:04-cv-291-PCF-UAM; Doc. No. 21; 6:07-cv-598-ACC-DAB, Doc. No. 27; 6:07-cv-600-ACC-UAM, Doc. No. 26; 6:07-cv-704-JA-KRS, Doc. No. 6; 6:07-cv-456-JA-KRS, Doc. No. 15; 6:07-cv-584-GKS-KRS, Doc. No. 15; 6:07-cv-1046-GKS-DAB, Doc. No. 9; 6:07-cv-310-ACC-UAM, Doc. No. 10; 6:07-cv-615-PCF-UAM, Doc. No. 15; 6:06-cv-1231-JA-UAM, Doc. No. 41; 6:06-cv-448-GAP-DAB, Doc. No. 22; 6:07-cv-800-GKS-KRS, Doc. No. 13; 6:06-cv-1072-JA-KRS, Doc. No. 9; 6:06-cv-467-JA-DAB, Doc. No. 31; 6:07-cv-1149-GKS-DAB, Doc. No. 10; 6:06-cv-1450-PCF-GJK, Doc. No. 4; 6:07-cv-1046-GKS-DAB, Doc. No. 12; 6:07-cv-1340-GAP-DAB, Doc. No. 11; 6:07-cv-1536-GKS-KRS, Doc. No. 4; 6:07-cv-1020-GAP-UAM, Doc. No. 19; 6:07-cv-1568-JA-DAB, Doc. No. 4; 6:07-cv-1181-GAP-DAB, Doc. No. 7; 6:07-cv-456-JA-KRS, Doc. No. 19; 6:06-cv-1665-GAP-KRS, Doc. No. 24; 6:07-cv-571-GAP-GJK, Doc. No. 10; 6:07-cv-747-PCF-KRS, Doc. No. 9; 6:07-cv-910-PCF-KRS, Doc. No. 18; 6:07-cv-867-JA-KRS, Doc. No. 29; 6:07-cv-916-GAP-DAB, Doc. No. 22; 6:07-cv-1340-GAP-DAB, Doc. No. 14; 6:07-cv-890-GAP-GJK, Doc. No. 13; 6:07-cv-1543-GAP-UAM, Doc. No. 11; 6:07-cv-540-GAP-KRS, Doc. No. 18; 6:07-cv-827-PCF-KRS, Doc. No. 20; 6:07-cv-1238-PCF-KRS, Doc. No. 13; 6:07-cv-1738-PCF-GJK, Doc. No. 4; 6:06-cv-1811-JA-DAB, Doc. No. 221; 6:07-cv-1340-GAP-DAB, Doc. No. 18; 6:07-cv-1770-PCF-DAB, Doc. No. 4; 6:07-cv-627-GAP-GJK, Doc. No. 18; 6:06-cv-687-DAB, Doc. No. 156; 6:07-cv-1589-GKS-KRS, Doc. No. 15; 6:07-cv-828-ACC-DAB, Doc. No. 22; 6:07-cv-850-ACC-DAB, Doc. No. 18; 6:07-cv-909-ACC-DAB, Doc. No. 30; 6:07-1074-ACC-DAB, Doc. No. 23; 6:07-cv-1748-GAP-KRS, Doc. No. 15; 6:07-cv-1884-GAP-GJK, Doc. No. 4; 6:07-cv-1822-JA-KRS, Doc. No. 5; 6:07-cv-1614-GAP-DAB, Doc. No. 11; 6:07-cv-867-JA-KRS, Doc. No. 32; 6:07-cv-129-GKS-DAB, Doc. No. 22; 6:07-cv-1521-GAP-DAB, Doc. No. 16; 6:07-cv-1542-JA-GJK, Doc. No. 8; 6:07-cv-1564-ACC-KRS, Doc. No. 18; 6:07-cv-1522-GAP-DAB, Doc. No. 21; 6:07-cv-1046-GKS-DAB, Doc. No. 18; 6:07-cv-890-GAP-GJK, Doc. No. 17; 6:07-cv-1427-GAP-KRS, Doc. No. 7; 6:07-cv-129-GKS-DAB, Doc. No. 23; 6:08-cv-97-GAP-DAB, Doc. No. 6; 6:07-cv-2026-PCF-DAB, Doc. No. 21; 6:07-cv-136-GKS-DAB, Doc. No. 42; 6:07-cv-1149-GKS-DAB, Doc. No. 42; 6:07-cv-1567-ACC-KRS, Doc. No. 9; 6:07-cv-1595-ACC-DAB, Doc. No. 8; 6:07-cv-1979-GAP-DAB, Doc. No. 17; 6:07-cv-1541-PCF-KRS, Doc. No. 14; 6:07-cv-1908-PCF-GJK, Doc. No. 24; 6:07-cv-1918-GAP-DAB, Doc. No. 14; 6:08-cv-132-ACC-GJK, Doc. No. 11; 6:08-cv-156-JA-KRS, Doc. No. 9; 6:08-cv-257-JA-DAB, Doc. No. 7; 6:08-cv-278-GKS-KRS, Doc. No. 5; 6:07-cv-922-PCF-KRS, Doc. No. 41; 6:08-cv-97-GAP-DAB, Doc. No. 16; 6:07-cv-1768-ACC-DAB, Doc. No. 8; 6:07-cv-1813-ACC-DAB, Doc. No. 12; 6:07-cv-1280-GAP-DAB, Doc. No. 13; 6:07-cv-1823-ACC-DAB, Doc. No. 7; 6:08-cv-94-ACC-DAB, Doc. No. 18; 6:07-cv-1825-ACC-DAB, Doc. No. 27; 6:07-cv-1978-PCF-KRS, Doc. No. 16; 6:08-cv-483-ACC-GJK, Doc. No. 5; 6:08-cv-156-JA-KRS, Doc. No. 22; and 6:08-cv-370-JA-KRS, Doc. No. 11.

4

calendaring of the response to such Orders.  Each paralegal will in turn provide the Senior Paralegal with a <u>daily</u> Calendaring Report at the end of each day reflecting that the Order has been properly calendared.  The daily Calendaring Reports will be forwarded to the undersigned for review every day;

b.      The undersigned has issued a standing directive to his staff and attorneys that responses to such Orders (including Scheduling Orders) must be presented to the undersigned for review an approval within five (5) <u>calendar</u> days of the issuance of such Order.  Should there be some reason that a response cannot be provided within that time period, and compliance cannot be accomplished by the end of the next business day, then a draft Motion for Extension of Time shall be presented to the undersigned for review and approval in place of a draft response.  Said Motion for Extension of Time shall contain a request for an appropriate extension of time when it is reasonably believed that compliance can be accomplished and the reason(s) compliance with the Order cannot accomplished [sic] within the original time period set forth in the Order;

c.      The undersigned has also issued a standing directive to his Senior Paralegal to provide the undersigned with a daily CM/ECF Docket Activity Report for all cases along with Daily Calendar Report from the Firm Calendaring Program.  These Reports will be reviewed and discussed with the undersigned each morning during his daily case review with the Firm's Senior Paralegal to ensure proper calendaring and to double check for Orders that, for whatever reason, have been overlooked by the paralegal and attorney in charge of the management of the file;

d.      Each Monday the undersigned will personally compile and review a CM/ECF Docket Activity Report for the previous week and check each docket for Orders that have been issued and the properly filed response.  The undersigned has recently learned that a report can be compiled from the CM/ECF system for all cases assigned to the CM/ECF participant that list the Orders issued by the Court and a separate report listing the responses filed during a selected time period.  These reports will be carefully scrutinized for outstanding Orders and timely responses will be prepared and properly filed.

*Id.*, Doc. No. 7.  Following his Response, K.E. Pantas was subject to six (6) additional show cause

orders.

It is well settled that a court may discipline and/or sanction an attorney for failure to comply

with its orders.  *See, e.g., Wouters v. Martin County, Fla.*, 9 F.3d 924, 933 (11th Cir. 1993) ("district

courts have broad powers under the rules to impose sanctions for a party's failure to abide by court

orders . . .").  Pursuant to the local rules of this Court, a member of the bar of this Court "may, after hearing and for good cause shown, be disbarred, suspended, reprimanded or subjected to such other discipline as the Court may deem proper." Local Rule 2.04(a). Because the law firms and respective attorneys have repeatedly failed to comply with multiple Court orders, they are directed to show cause in writing **within eleven (11) days** of the entry of this Order:

1)      Why the law firms / attorneys repeatedly fail to comply with the various customary Court orders;

2)      What sanction(s) can or should be imposed as a result of the foregoing misconduct;

3)      Why the law firms / attorneys should not be banned from filing additional FLSA cases before this Court; and

4)      In the alternative, what steps can and will be immediately taken to ensure future compliance with this Court's Standing Orders.

Each attorney and law firm subject to this Order to Show Cause shall file a response within the stated time period. Thereafter, this Court will schedule a hearing for each law firm and its members to address the issues outlined above.

**DONE** and **ORDERED** in Orlando, Florida on May 28, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Charles L. Scalise
Law Office of Charles L. Scalise
P.O. Box 1855
Windermere, Florida 34786

Carlos V. Leach
Morgan & Morgan, P.A.
20 N. Orange Ave. Ste. 1600
P.O. Box 4979
Orlando, Florida 32802

Richard B. Celler
Morgan & Morgan, P.A.
20 N. Orange Ave. Ste. 1600
P.O. Box 4979
Orlando, Florida 32802

Kelly Allyssha Amritt
Morgan & Morgan, P.A.
20 N. Orange Ave. Ste. 1600
P.O. Box 4979
Orlando, Florida 32802

Janet P. Ochoa
Morgan & Morgan, P.A.
20 N. Orange Ave. Ste. 1600
P.O. Box 4979
Orlando, Florida 32802

Andrew Ross Frisch
Morgan & Morgan, P.A.
20 N. Orange Ave. Ste. 1600
P.O. Box 4979
Orlando, Florida 32802

C. Ryan Morgan
Morgan & Morgan, P.A.
20 N. Orange Ave. Ste. 1600
P.O. Box 4979
Orlando, Florida 32802

K.E. Pantas
Pantas Law Firm, P.A.
11TH Floor
250 N. Orange Ave.
Orlando, Florida 32801

Jay M. Yenor, III,
Pantas Law Firm, P.A.
11TH Floor
250 N. Orange Ave.
Orlando, Florida 32801

Scott C. Adams
Pantas Law Firm, P.A.
11TH Floor
250 N. Orange Ave.
Orlando, Florida 32801