UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE FLSA CASES                                CASE NO:  6:08-mc-49-Orl-UA-GJK
_____/

## MORGAN AND MORGAN'S QUARTERLY REPORT

Pursuant to this Court's Order, Morgan and Morgan files its Quarterly Report for the time period of April 1, 2009, through June 30, 2009, and states as follows:

### Preliminary Considerations

The undersigned has attempted to search on CM/ECF and PACER specifically for Orders to Show Cause or any substantially similar terms as identified by the Court in its Order between the time period of April 1, 2009, through June 30, 2009, for all members of our division.  The CM/ECF and PACER systems, however, do not allow for the specific search of these Orders absent a specific case number or party name.[1]  It appears that this Court, however, has this capability.  In light of the foregoing, the undersigned warrants and represents that the identification of Orders below is based upon information secured from a file audit, reports from the attorneys at issue, and the undersigned's own investigation.  To the extent there are any Orders that are not reported herein, such omission is not due to any nefarious motive or effort/intent to hide anything from this Court.  To the extent this Court finds Orders that are not accounted for in this Report, the undersigned readily will supplement same to incorporate this additional information identified by this Court.

Further, to ensure that all Orders to Show Cause are brought to the attention of management immediately, the firm has assigned a paralegal to monitor all CM/ECF activity through electronic

---

[1]  The undersigned previously confirmed this with PACER's customer service department before we filed our first Report, and did so again on May 27, 2009, in an abundance of caution to see if the CM/ECF search functions were updated.

notice, and the email address of compliancewatch@forthepeople.com has been added to cases filed before this Court. The assigned paralegal checks this report weekly and brings any relevant orders to the undersigned for review, investigation, and disposition where necessary.

1. **C. Ryan Morgan, Esquire:**

Scannell v. Drywizard Drywall Services, Inc., 8:09-cv-108-T-27TBM. The Court issued an Order to Show Cause on May 8, 2009, for the parties' failure to prosecute due to non-filing of a Case Management Report. Plaintiff filed his response on May 11, 2009, indicating that Defendants did not appear till March 24, 2009, and that a Case Management Report was not due yet, and that the parties had a conference scheduled to address the Case Management Report requirements. On May 19, 2009, the Court entered an order discharging the Order to Show Cause, and a Case Management Report was filed on May 20, 2009 within the time limits permitted by the Local Rules, Orders, and Federal Rules of Civil Procedure.

2. **Carlos Leach, Esquire:**

Harmon and Ayala *et. al.* vs. Leading Edge Logistics, *et. al.*., 6:08-cv-448-Orl-KRS/6:08-cv-1809-Orl-KRS (these two cases were consolidated for consideration of related settlements) on May 28, 2009. Magistrate Spaulding entered an Order to Show Cause regarding three issues: 1) why Opt-in Plaintiff Ayala, who filed his consent to join form in the Harmon case, later filed a separate suit for the same issue in his own name, 2) why Opt-in Plaintiff Ayala's Answers to Court Interrogatories filed in the Ayala case on November 17, 2008, contained a jurat page dated August 16, 2008 and 3) why Plaintiff counsel's time sheets indicate that he first spoke to Plaintiff Ayala on October 17, 2008. An evidentiary hearing was held on the matter before Magistrate Spaulding wherein the evidence presented established the following: The second suit was filed in order to

preserve Plaintiff Ayala's statute of limitations. Magistrate Spaulding previously entered an Order directing Defendant to file a motion to strike any opt-in Plaintiffs that it contended was not similarly situated. At the Magistrate's urging, the Defendant filed the Motion to Strike various Opt-in Plaintiffs who it alleged were not similarly situated to the lead Plaintiff, James Harmon. The statute of limitations for pursuing claims for unpaid overtime wages under the FLSA would have precluded Plaintiff Ayala from claiming several weeks of damages if he was dismissed from Plaintiff Harmon's case at some point later in the case, Thus, the prudent thing to do to protect our client was to file a separate claim on his behalf. As to the second issue, the evidence presented confirmed that the wrong notary page was attached to the Interrogatory Answers, and that contrary to Magistrate Spaulding's assumptions, the client actually appeared in person to complete, sign, and verify the Interrogatory Answers in a proper and ethical manner. Further, the evidence presented to the Magistrate Spaulding confirmed that Attorney Leach did consult with Plaintiff Ayala in August 2008 prior to him ever becoming a client or joining the suit. Plaintiff's counsel merely did not enter a time entry for that conversation. Finally, the undersigned notes that although this Order was styled as an Order to Show Cause by Magistrate Spaulding, the Order had no relation to any missed deadline or the issues referenced by Magistrate Judge Kelly in the original Order opening this matter.

    3.    **<u>Richard Celler, Esquire:</u>**

John Campanale. Sr. *et. al.* v. Pulte, *et. al*- 2:08-cv-00832-JES-DNF. The Court issued an Order to Show Cause to the parties on April 3, 2009, as to why the parties had not submitted settlement documents to the Court for approval. This case involved/involves the negotiation of a

settlement involving thousands of potential class members and resolution discussions were, and continue to be lengthy (over three months in time). Once the parties explained the circumstances of delay to the Court, the Court discharged its Order to Show Cause on April 24, 2009. This Order to Show Cause, while addressed to the Plaintiff as the filing party, involved not only the undersigned firm, but other firms as well.

    **4.**    **Andrew Frisch, Esquire:**

(a) Cohen v. Goodyear Tire & Rubber Company, 6:09-cv-496-Orl-31DAB, Orders dated April 10, 2009, and May 7, 2009. In this matter, the deadline to file the Certificate of Interested Persons and Notice of Pendency were calendared in this client's companion case as opposed to the above case number. Thus, while filed in the other case, they were not filed in this one by accident. Upon receipt of the Order to Show Cause, the error was investigated and discovered, and immediately remedied with the appropriate filing in this Court. As to the May 7, 2009, Order for failing to file Court Interrogatories, the same mistake occurred by the same paralegal who is no longer with the firm. Specifically, despite clear instruction from Mr. Frisch, she mistakenly filed Answers to Court Interrogatories in the client's other case as opposed to the above styled matter. Accordingly, while Mr. Frisch and the client timely prepared and intended to file the Answers to Interrogatories in this case, the error occurred in the filing. This is not an instance of neglect or inattentiveness to court deadlines. This is human error.

(b) Blanc v. Safetouch, Inc. . 3:07-cv-1200-J-25TEM dated May 6, 2009. In this instance, attorney Frisch received an Order to Show Cause for failing to appear at a scheduled hearing. Prior to the hearing, however, Mr. Frisch filed a Notice of Conflict in which he advised the Court that he had a prior event scheduled and could not attend the scheduled hearing on that date. Attorney Frisch

improperly assumed that the Notice would excuse his absence, that the Court would reschedule the hearing (which it did not), and that the date at issue could be removed from his calendar (which it was upon filing the Notice). Upon explaining the foregoing circumstances to the Court, the hearing was rescheduled. Additionally, both Mr. Bates and Mr. Celler addressed this issue with Mr. Frisch and explained that moving forward, he is not to assume hearings are cancelled absent an Order from the court.

(c)      Burnell v. Sahib Shriners Holding Corporation, 8:09-cv-523-SCB-TBM, dated May 20, 2009. Mr. Frisch received this Order because during the time period after Defendant failed to Answer the Complaint and the time a Motion for Clerk's default was due, the parties were engaged in settlement discussions. In the interim, the Defendant filed a Motion for Enlargement of Time to file Answer to Complaint. The case settled, and paperwork was in the process of being finalized and submitted to the Court when the Order was received (as Defendant failed to move for an additional enlargement of time to respond to the Complaint after the extension expired). Because Mr. Frisch believed that there was still adequate time to file a Motion for Clerk's Default and the parties intended on filing settlement documents in short order, no additional documents were filed at that time. Upon receipt of the Order, a Notice of Settlement was filed and the case was dismissed. Mr. Frisch has petitioned the Court for a withdrawal/discharge of the Order to Show Cause as a result of the foregoing circumstances because there was no set deadline to file the Clerk's Default.

### 5. <u>Kelly Amritt, Esquire</u>[2]

(a)   Saunders, Frederick 2:08-cv-00929-UA-DNF - Ft. Myers Division – Show Cause for failure to prosecute dated April 7, 2009. Had Ms. Amritt's primary paralegal not been absent, this would not have occurred because the matter would have been calendared and addressed in a timely manner. Ms. Amritt dismissed this case upon receipt of the Order to Show Cause.

(b)   Battle, Ron, 6:08-cv-00950-JA-KRS – Orlando Division – Show Cause Order for failing to file Motion to Dismiss dated April 9, 2009. Had Ms. Amritt's primary paralegal not been absent, this would not have occurred because the matter would have been calendared and addressed in a timely manner. On May 1, 2009, Ms. Amritt filed a Motion to Dismiss Plaintiff's claims.

(c)   Middleton, Ronald, 8:08-cv-02443-JSM-TBM – Tampa Division – Show Cause for failure to file Case Management Report dated April 10, 2009. Had Ms. Amritt's primary paralegal not been absent, this would not have occurred because the matter would have been calendared and addressed in a timely manner. Nevertheless, the parties, during the time period at issue were involved in settlement negotiations, and a Notice of Settlement was filed on May 6, 2009.

(d)   Knox v. Bellmore, 8:08-cv-01836-SCB-MAP – Tampa Division – Show Cause for failure to file proof of service dated April 22, 2009. Had Ms. Amritt's primary paralegal not been absent, this would not have occurred because the matter would have been calendared and addressed in a timely manner. Due to the difficulties in serving this Defendant, Ms. Amritt dismissed this case upon receipt of the Order to Show Cause.

---

[2] In late March/early April 2009, Ms. Amritt's primary paralegal suffered from an unexpected medical condition requiring his immediate and prolonged absence from work  He has not since returned. Each of these Orders to Show Cause occurred during the time period he was absent as certain dates and times were not properly calendared in his absence. While certainly not an excuse, the undersigned provides this information to this Court simply to explain that the four (4) Orders to Show Cause arose out of unusual and unexpected circumstances and are not indicative of Ms. Amritt's consistent compliance with Court deadlines and Orders as previously demonstrated to this Court.

**6.     Nanette Piccolo/Bernie Mazaheri Esquire[3]**

(a)     Epping v. Outdoor Pool and Patio, 6:09-CV-323-orl-31KRS, Orlando Division. Magistrate Spaulding conducted an evidentiary hearing on June 3, 2009, regarding each of the issues raised by the Court's Order involving Ms. Piccollo's conduct. The parties are awaiting an Order regarding same.

(b)     Kough v. Stafford, Case No.: 8:09-cv-00013-T-27MAP, Tampa Division- Ms. Piccolo received this Order on May 20, 2009, for failure to prosecute moving forward. Richard Celler responded to the Order to Show Cause on Morgan and Morgan's behalf and explained that a review of the file indicated the matter had been settled but that the Court was not notified of same. Attorney Mazaheri filed his Notice of Appearance on May 27, 2009, and thereafter filed the necessary settlement paperwork resulting in dismissal of the action on June 14, 2009. Ms. Piccollo did not bring this Order to the attention of the undersigned as required and in violation of department protocol.

(c)     Anthony v. Kid Zone, U.S.A., Inc., 5:08-cv-460, Ocala Division- Order to Show Cause dated June 12, 2009. Mr. Mazaheri filed a response on June 14, 2009. The order to show cause asked why the case should not be dismissed for failing to file a Case Management Report. Mr. Mazaheri responded (i) that the case management report was not due yet and (ii) that the Defendant had not responded to the complaint. We are asking the court to vacate its Order to Show Cause and will be filing a Motion for Default Final Judgment shortly.

---

[3] As this Court is aware, Ms. Piccollo is no longer with this firm. Attorney Bernie Mazaheri has taken over her files and has completed his audit of same along with his staff and the undersigned. During the pendency of the audit at issue, we received additional Orders to Show Cause as a result of Ms. Piccollo's actions. Each of those Orders is addressed herein, and Mr. Mazaheri and his staff have been trained and educated on the proceedings and issues giving rise to these proceedings. Mr. Mazaheri understands the importance of complying with court deadlines and

(d)  Cortes v. Padilla Insurance Group, 6:08-cv-2055, Orlando Division- Order to Show Cause dated June 2, 2009.  Mr. Mazaheri filed a response and a voluntary dismissal on June 4, 2009.  As this firm could not determine why Ms. Piccolo did not properly prosecute this case, and because Ms. Piccolo was asked to her explain her actions directly to the Court, Mr. Mazaheri dismissed this action as a result.

(e) Surdi v. PMSI MSA Services, Inc., 8:09-cv-306, Tampa Division- dated June 10, 2009 as to why the Case Management Report was not timely filed.  This case was dismissed on June 19, 2009, as a result of the parties' joint failure to file the Case Management Report with the Court as required. Upon receiving the Order to Show Cause, Mr. Mazaheri communicated with defense counsel in Miami, however the principal partner on the case was out-of-the country and the associate at issue was to file the appropriate enlargement with the Court.  On June 12, 2009, the named Plaintiff advised this firm that she no longer wished to proceed with her claims and thus, her claims will not be re-filed.

 (f)  Landis v. Direct Wireless Ent., 6:08-cv-1603, Orlando Division- Order to Show Cause dated May 6, 2009 as a result of alleged misconduct involving Ms. Piccolo. A response was filed on May 18, 2009, regarding Ms. Piccolo.  On June 26, 2009, Mr. Mazaheri resolved all issues dealing with the plaintiff, defendant and Morgan & Morgan.  Defendant's counsel has indicated that they intend to seek attorneys' fees and costs against Ms. Piccolo individually.

(g) Wilcoxen v. Executive Transportation Services, LLC, 3:09-cv-00016-HES-MCR, Jacksonville Division- Order to Show Cause issued May 6, 2009. Order issued for deficiency in the Case Management Report filed. While the actions of Ms. Piccolo cannot be addressed with any amount of

---

Orders. The Orders at issue are not a result of his malfeasance or non-compliance on his part. These are issues that he inherited from Ms. Piccollo's work on these files.

8

certainty at this point it seems from the docket and our records that Ms. Piccolo was having difficulty conducting the Case Management Conference pursuant to Local Rule 3.05(2)(B) with the *pro se* Defendant in this matter and attempted to file a unilateral Case Management Report which was deemed insufficient. Since Ms. Piccolo's departure from the firm in May of 2009, Plaintiff's new counsel, Bernard Mazaheri, has subsequently spoken with the *pro se* Defendant and re-filed a sufficient Case Management Report on June 10, 2009. Ms. Piccollo did not bring this Order to the attention of the undersigned as required and in violation of department protocol.

(h) Smith v. Blue Septic Tank Service, Inc., 8:08-cv-02507-RAL-TGW, Tampa Division- Order to Show Cause issued April 9, 2009 for failure to file a Case Management Report. Ms. Piccolo stated in her response that the deadline to file the Case Management Report had been inadvertently mis-calendared and that she and her paralegal were auditing their files to ensure compliance with all Court deadlines.  Ms. Piccollo and her paralegal are no longer with this firm, Mr. Mazaheri, his support staff, and the undersigned have audited her files, and we anticipate no further issues on these files moving forward. The Case Management Report and response to the Order to Show Cause were filed on April 9, 2009.  Ms. Piccollo did not bring this Order to the attention of the undersigned as required and in violation of department protocol.

Respectfully submitted this 30th  day of June 2009.

**s/ RICHARD CELLER**
Richard Celler
FL Bar No.:  0173370
Morgan and Morgan
6824 Griffin Road
Davie, Florida 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-Mail: RCeller@forthepeople.com

9

                        Attorneys for Morgan and Morgan

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on June 30, 2009, which will send a copy of same to all counsel and necessary parties of record.

                        **/s RICHARD CELLER**
                        RICHARD CELLER